

July 24, 2023

Hon. Lorna G. Schofield
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Powerhouse Beverage Company, LLC, et al. v. Frank Nahoum, et al.; 22-cv-5559-LGS

Dear Judge Schofield:

    As you know, I represent Defendant, Thomas Stanziale, Esq. (who also appears before you in this matter as counsel for the remaining named Defendants), and I offer this pre-motion letter pursuant the Court's Local Rule III A. 1 and pursuant our conference held on July 12, 2023. I am requesting leave to file a motion declaring Plaintiff, Daniel Ehrlich, a vexatious litigant and seeking a Writ to <u>enjoin</u> all pending judicial actions in any court arising from the same set of facts and among the same parties, such injunction to remain in effect until all matters before this Honorable Court are concluded, at which time the <u>existing and currently pending</u> state court matters may proceed, <u>but</u> further to forbid filing any future actions arising from the same matters among the same parties, unless proper leave is sought from this Honorable Court, said Writ to be issued pursuant to 28 U.S.C. § 1651, (hereinafter, "The All Writs Act" or "AWA").

    Mr. Stanziale, representing the remaining defendants, joins in this letter requesting a motion seeking a writ, such letter which this Honorable Court may rule upon as the motion itself, "in the interest of justice".

    Plaintiff Daniel Ehrlich has engaged knowingly in a pattern of vexatious litigation, commandeering the judicial system as his personal bludgeon via fourteen (14) different law firms, only one (1) of which now remains, abusing the judicial process in numerous venues, including the AAA, Supreme Court New York County, Supreme Court Nassau County, USDC SDNY, USBC SDNY, and USDC EDNY. Indeed, Plaintiff has now sued the sole attorney for the Defendants, floating what amounts to baseless conspiracy theories.

    In late August of 2014, Plaintiff Daniel Ehrlich, as a minority owner in Powerhouse, was self-dealing, breaching fiduciary duty as manager and committing fraud. Defendants Nahoum, Gimenez, Kringel and Pelkarian retained Mr. Stanziale to bring legal action to stop and expose Ehrlich's plan to steal the IQ Juice trademark and control of the company.

    Daniel Ehrlich emptied the Powerhouse bank account of over $30,000.00 and has never provided any accounting to the members, or any further accounting of the ongoing sales activities since then. Ehrlich created new entities during pending litigation in obvious bad faith, and

Port Law Group
304 Main St.
Port Washington, NY 11050
332.266.7222
www.portlawgroup.com
dennis@portlawgroup.com



fraudulently transferred the Trademark "IQ Juice" to himself. He then attempted to further transfer, assign and/or license the trademark to his family of shell corporations, which he either created or controlled, or both.

Ehrlich then falsely filed three (3) bankruptcy actions: (1) Powerhouse Beverage, and (2) for Plaintiffs Live Life Smart, and (3) for his wife's company, Powerhouse Brands, falsely claiming that Live Life Smart owned the IQ Juice Trademark and attempting to get an Order to that effect. Mr. Stanziale had no choice but to represent Powerhouse, and on behalf of the defendants herein, filed an answer in an adversary proceeding. All three matters were dismissed unfavorably against Ehrlich as a result, as it was determined that Ehrlich had filed in Federal Court "solely in an attempt to gain strategic leverage in an extensive array of non-Bankruptcy litigation," using the Federal Court System as a "pawn". See, *Statement of William H. Harrington, United States Trustee.*

It is the settled rule of the case that the Defendants, herein represented by Mr. Stanziale, own 51% of Plaintiff, Powerhouse Beverage, and represent the majority interest of Powerhouse. (Hon: Jerome Murphy, JSC decision and Order dated December 6, 2022). Therefore, Ehrlich knew that he lacked the authority to oust defendants and knowingly used forged documents and false statements to attempt to confuse five court venues.

Plaintiffs have already consented to the jurisdiction of this Honorable Court by bringing this particular action while four (4) state court cases are still pending concerning the same parties and issues. The possibility of removing all matters to this Court by consent was mentioned during the July 12 conference, but Plaintiff categorically refused consent. The Plaintiff's refusal to consent to removal of those matters to this Honorable Court further supports a finding that Daniel Ehrlich is a vexatious litigant, as they have offered no explanation why they seek this Court's rulings on the same facts but refuse to remove the other pending matters to this venue.

It must be noted, Mr. Stanziale was the attorney of record for the defendants herein since the inception of this litigation but was not a party to any other actions in state court.

The All Writs Act is a United States federal statute, codified at 28 U.S.C. § 1651, which authorizes the United States federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

The act in its original form was part of the Judiciary Act of 1789. The current form of the act was first passed in 1911 and has been amended several times since then, but it has not changed significantly in substance since 1789, as follows:  (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. (b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

"While defendants and courts cannot stop vexatious or frivolous claims from being initiated, the All Writs Act is a tool to be utilized to enjoin state courts from entertaining frivolous litigation that wastes time, energy and resources. The Act and prohibition should be considered for use against unscrupulous lawyers and their vexatious clients in order to stop them from engaging in frivolous litigation and other harassment under the guise of a legal proceeding. Those

PORT LAW GROUP
304 MAIN ST.
PORT WASHINGTON, NY 11050
332.266.7222 OFFICE
332.266.7223 FAX
WWW.PORTLAWGROUP.COM



who simply will neither accept their loss nor will stop litigating can be enjoined. When the vexatious veil of endless litigation cannot be pierced, federal judges may intervene by doing so in the form of an injunction under the All Writs Act." *See Enjoining State Court Actions by Thomas Liotta, Nassau County Bar Article.*

"Generally speaking, while the AWA may have an open interpretation of when it may be used, since it has no qualifier, except that the writ be "necessary and appropriate," the Anti Injunction Act (AIA) effectively limits its use because it prohibits federal courts from enjoining state court actions except where necessary in aid of jurisdiction or to protect or effectuate its judgments, which is when the AWA is supposed to be utilized." *See Sandpiper Village Condominium Association, Inc. v. Louisiana-Pacific Corp., 428 F.3d. 831, cert. denied, 126 S. Ct. 2970 (2005).*

"When presented with a motion under the AWA to declare a litigant vexatious, a court must (1) give the plaintiff an opportunity to oppose the order; (2) indicate what court filings support issuance of the order; and (3) find that the filings were frivolous and harassing. *Doran v. Vicorp Restaurants, Inc., 407 F. Supp. 2d. 1115 (C.D. Cal. 2005).* A court also has the authority to issue an injunction to restrict the filing of a meritless pleading." *Matter of Packer Avenue Associates, 884 F.2d. 745 (3d Cir. 1989)* (In the case, the Third Circuit defined meritless as pleadings that raise issues identical or similar to those that have already been adjudicated). In addition, if a plaintiff is not entitled to a form of relief, he or she may be barred from further pursuing such relief under the AWA. *Lacks v. Fahmi, 623 F.2d. 254 (2d. Cir. 1980). See In Re Oliver, 682 F. 2d. 443 (3d. Cir. 1982); Mich. v. City of Allen Park, 573 F. Supp. 1481 (E.D. Mich. 1983); Morgan Consultants v. American Tel. and Tel. Co., 546 F. Supp. 844 (S.D. N.Y. 1982).*

Unlike the individual defendants herein, the Plaintiffs and Ehrlich continue to produce, distribute and sell IQ JUICE across the country in direct contravention to testimony offered before Federal and State Courts. See, www.iqjuice.com, and www.instagram.com/iqjuice. Ehrlich continues to use stall tactics and is attempting to avoid any determination or final judgments in any of the actions that are pending so as to perpetuate his flagrant ongoing violations of the Lanham Act, fraud, defamation and theft.

The Defendants have suffered damages because of the egregious, contumacious, and fraudulent actions of Ehrlich and his family of companies, and for the sales that have not been disclosed or accounted for over the last eight (8) years, along with their initial investments and attorney fees. Mr. Stanziale Esq. has also suffered damages from the defamatory statements made by Ehrlich.

We respectfully request this Honorable Court issue a Writ as further described above, enjoining all current and future State and Federal judicial actions without leave, hereof, involving these parties and facts, all of whom have already consented to this Honorable Court's Jurisdiction.

Respectfully submitted,

Dennis Belline, Esq.
PORT LAW GROUP
30 MAIN ST.
PORT WASHINGTON, NY 11050
332.266.7222 OFFICE
332.266.7223 FAX
WWW.PORTLAWGROUP.COM

---

**Application GRANTED.** Defendants' motions are construed as pre-motion letters for a conference. The conference will be held in person on **August 16, 2023, at 4:00 P.M.** and will take place at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, in Courtroom 1106**.** The Clerk of Court is respectfully directed to close the motions at Dkts. 73, 81 and 82.

Dated: August 2, 2023
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**