UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

POWERHOUSE BEVERAGE COMPANY LLC et al.,

                      Plaintiff(s),

-against-

FRANK NAHOUM et al.,

                      Defendant(s).

22-cv-5559 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

Under Rule 56(f), the Court may grant summary judgment "on grounds not raised by a party" or "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely disputed." Fed. R. Civ. P. 56(f)(2)–(3). But the Court must first give "notice and a reasonable time to respond." Fed. R. Civ. P. 56(f). After reviewing the summary-judgment briefs, the Court is now giving the parties notice and an opportunity to respond to the following issues, on which the Court perceives no genuine dispute of material fact:

1. Whether, for Plaintiffs' trademark-infringement claim, Defendants have not used the relevant marks in commerce. *See* 15 U.S.C. § 1114; *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 131–41 (2d Cir. 2009); 4 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* §§ 23:11.50, 25:26 (5th ed. 2023).

2. Whether, for Defendants' declaratory-judgment claim, Defendants lack standing to seek a declaration that Powerhouse Beverage Company LLC—one of the purported plaintiffs in this case—is the rightful owner of the relevant marks. In particular, whether Defendants have suffered an injury in fact and whether declaring the LLC the owner of the marks would remedy that injury. *See Martin v. United Bridge Cap., LP*, 2022 WL 2166399, at *2 (2d Cir. June 16, 2022); 18 Del. Code Ann. tit. 6, § 18-201(b); *United States v. Swartz Fam. Tr.*, 67 F.4th 505, 516 (2d Cir. 2023); *DDR Const. Servs., Inc. v. Siemens Indus., Inc.*, 770 F. Supp. 2d 627, 661 (S.D.N.Y. 2011); *Coal. of Watershed Towns v. EPA*, 552 F.3d 216, 218 (2d Cir. 2008). Similarly, whether Defendants are a "party in interest" under the Declaratory Judgment Act or would have standing under any other theory. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007); *Fung-Schwartz v. Cerner Corp.*, 2018 WL 4386087, at *3 (S.D.N.Y. Sept. 13, 2018).

3. Whether, even if the Court had Article III jurisdiction over the declaratory-judgment claim, the Court should decline to exercise that jurisdiction under 28 U.S.C. § 2201(a). *See Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 96 (2d Cir. 2023).

4. Whether, if the Court were to reach Defendants' declaratory-judgment claim, the assignments from Powerhouse Beverage Company LLC to Powerhouse Brands Inc. were invalid assignments in gross. *See Marshak v. Green*, 746 F.2d 927, 929–31 (2d Cir. 1984).

5. Whether, if the Court were to dismiss both parties' trademark claims, the Court should decline to exercise supplemental jurisdiction over the remaining claims. *See Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77 (2d Cir. 2018); 28 U.S.C. § 1367(c)(3).

In letters not to exceed **10 double-spaced pages**, the parties shall address these issues. The letters are due by **April 12, 2024**. By **April 19, 2024**, the parties may file responsive letters, not to exceed **5 double-spaced pages**. To show a genuine dispute over a fact material to one of the issues above, each side must provide *specific* citations to *admissible* materials that were *produced in discovery* and are properly part of the summary-judgment record. *See* Fed. R. Civ. P. 56(c).

SO ORDERED.

Dated: March 28, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge

2