UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

POWERHOUSE BEVERAGE COMPANY LLC, et al.,

                              Plaintiffs,

  -against-

FRANK NAHOUM, et al.,

                             Defendants.

22-cv-5559 (AS)

OPINION AND ORDER

---

ARUN SUBRAMANIAN, United States District Judge.

## BACKGROUND

In part, this case is about the control of a company and its trademarks. In perhaps larger part, it is about personal grudges, with little regard for what the law is or what the evidence shows. The strange and lengthy procedural history of this case is recounted in an earlier opinion. Dkt. 104 at 1–2. That opinion was published after the Court held a bench trial on a single issue of fact: which of the company's purported operating agreements was authentic. *Id.* The parties had promised that settling that issue would "expedite and economize" this case and the related state cases. Fed. R. Civ. P. 42(b).

But it was not to be. After the decision, the Court requested letters from the parties about how to wrap up the case. Dkt. 104 at 8. Plaintiffs submitted a letter vaguely suggesting that they might have a new claim. Dkt. 105. And Defendants submitted an eight-part letter requesting various forms of relief, many of which were not pleaded. Dkt. 106. The Court then set a schedule for summary-judgment motions and reminded the parties of the proper scope of those motions. Dkt. 108.

Before filing the motions, both sides agreed to drop some claims. Dkts. 112, 113, 133. The Plaintiffs' remaining claims are federal trademark infringement, common-law fraud, and common-law abuse of process. *See* Dkt. 112; Compl. ¶¶ 121–143, 214–243, Dkt. 10. Defendants' remaining counterclaims are for a declaratory judgment as to trademark ownership and common-law fraud. Dkt. 113; Answer at 25–27, Dkt. 25. They also assert many affirmative defenses. *Id.* (both).

The Court received the motions in December 2023. Dkts. 117, 120. Procedurally, each side's briefs violated the local rules and this Court's individual practices in several ways. For example, Plaintiffs' opposition "brief" was a declaration from a non-counsel third party. Dkt. 136. And neither side submitted a Local Rule 56.1 statement.

Substantively, after reviewing the summary-judgment papers, the Court felt that the parties were talking past each other and that several critical elements of each party's claims were unsupported and unaddressed. So the Court ordered the parties to address those deficiencies under Federal Rule of Civil Procedure 56(f). Dkt. 141. The order gave the parties two weeks to submit ten-

page supplemental briefs and a week after that to submit five-page response briefs. *Id.* Defendants submitted both pleadings; Plaintiffs submitted just the first. Dkts. 142–144.

## LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if a reasonable jury could find for either side. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a fact is "material" if it could "affect the outcome." *Id.* The Court views the record "in the light most favorable to the non-movant." *Williams v. MTA Bus Co.*, 44 F.4th 115, 126 (2d Cir. 2022) (cleaned up). But if the non-movant will bear the burden of proof on an issue at trial, it must point to some evidence supporting the "essential element[s]" of its position. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–26 (1986).

## DISCUSSION

### I. The trademark claims

#### A. Plaintiffs' infringement claim fails

"To prevail on a trademark-infringement claim, a plaintiff must establish that (1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) in connection with the sale or advertising of goods or services, (5) without the plaintiff's consent and (6) that defendant's use of the mark is likely to cause confusion as to the affiliation, connection, or association of defendant with plaintiff, or as to the origin, sponsorship, or approval of the defendant's goods, services, or commercial activities by plaintiff." *Ontel Prod. Corp. v. Airbrushpainting Makeup Store*, 2017 WL 1969681, at *1 (S.D.N.Y. May 12, 2017) (cleaned up). Elements two through four require that "[a]ny 'use' by the defendant that could possibly cause infringement must be accessible and perceptible to potential customers." 3 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 25:26 (5th ed. 2024).

In the complaint, Plaintiffs alleged infringement of two marks: "IQ Juice" and "IQ Juice Drink." Compl. ¶¶ 121–143. The complaint does not allege that the Defendants ever used these marks. Nor have Plaintiffs produced evidence of such use. Instead, in response to the Court's order identifying this issue, Plaintiffs shifted their argument. They now say that a company (purportedly controlled by one of the Defendants) registered the mark "Aqualo.IQ," and that registration is the infringing use. Dkt. 143 at 1–2.

This argument fails for several reasons. First, it was not pleaded. Aqualo.IQ is not mentioned anywhere in the complaint, so it is not a valid basis to oppose summary judgment. *See Feldman v. Sanders Legal Grp.*, 914 F. Supp. 2d 595, 600 n.5 (S.D.N.Y. 2012) (collecting cases). Second, the mark's owner, Nytech Innovations LLC, is not a party to this case. Third, Plaintiffs haven't produced evidence that even Aqualo.IQ is being used in commerce. They have produced a one-page document seemingly showing the results of an online trademark search. Dkt. 143-1. But registration is not "sale, offering for sale, distribution, or advertising," 15 U.S.C. § 1114(1)(a), and it is not "perceptible to potential customers," *McCarthy on Trademarks and Unfair Competition*

2

§ 25:26. Nor, as Plaintiffs articulate the standard, does it show that the mark has been "affixed to … goods 'in any manner.'" Dkt. 143 at 2 (quoting *Kelly-Brown v. Winfrey*, 717 F.3d 295, 305 (2d Cir. 2013)). Fourth, Plaintiffs haven't shown a likelihood of confusion. Although the Court did not ask for proof on this element in its Rule 56(f) order, it did not seem to be an issue until this late-breaking infringement theory. And though the Court must draw all permissible inferences in Plaintiffs' favor, they have not addressed—let alone produced evidence that might show—any of the eight likelihood-of-confusion factors. *See Car-Freshner Corp. v. Am. Covers, LLC*, 980 F.3d 314, 326–27 (2d Cir. 2020).

Plaintiffs bear the burden to prove each of the elements of their infringement claim, so their "complete failure of proof" on multiple elements is enough to grant summary judgment for Defendants on this claim. *Celotex*, 477 U.S. at 323.

### B. Defendants' declaratory-judgment claim fails

Defendants' request for a declaratory judgment also fails. The request here is unique. Defendants want the Court to declare that Powerhouse Beverage LLC—one of the *Plaintiffs*—is the rightful owner of the marks. Answer at 27. The parties dispute who is the rightful owner of Powerhouse. But Defendants have not purported to bring their counterclaims as Powerhouse; they have brought them as individuals.

Given this awkward posture, Defendants have suffered no injury in fact and thus lack standing to bring the declaratory-judgment claim. The supposed injury is that Powerhouse is being deprived of its marks. Dkt. 142 at 2–3. But even assuming Defendants are legitimate members of the LLC, they haven't suffered an injury. "Because generally 'a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties,' [Defendants] did not and cannot establish an injury-in-fact on behalf of [an LLC.]" *Martin v. United Bridge Cap., LP*, 2022 WL 2166399, at *2 (2d Cir. June 16, 2022) (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 708 (2013) (internal quotation marks omitted)).

Federal law determines the standing requirements to bring suit in federal court, but "[s]tate law may supply the answers to certain antecedent questions relevant to whether those federal requirements are satisfied, particularly concerning the legal relationships between people and things." *Id.* at *3 (internal quotation marks omitted). Powerhouse Beverage is a Delaware LLC. Compl. ¶ 4; Dkt. 142 at 8.[1] Under Delaware law, an LLC is "a separate legal entity." 18 Del. Code Ann. tit. 6,

---

[1] This fact might be disputed. Though neither party has addressed it, Defendants' answer "den[ied]" the paragraph of the complaint alleging that Powerhouse Beverage was a Delaware LLC. Answer ¶ 4. And "Powerhouse Beverage Company, LLC" appears on the LLC registries in both Delaware and New York. *See* https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx (search "Powerhouse Beverage"); https://apps.dos.ny.gov/publicInquiry/ (search "Powerhouse Beverage" and select the LLC option). Regardless, any dispute is immaterial because the relevant LLC law is the same in both Delaware and New York. *See United States v. Swartz Fam. Tr.*, 67 F.4th 505, 516 (2d Cir. 2023); N.Y. Ltd. Liab. Co. Law § 203(d) (LLC is "separate legal entity"); *id.* § 609(a) (members aren't "liable for any debts … solely by reason of being such member"); *id.* § 601 ("A member has no interest in specific property of the limited

§ 18-201(b). That means "no member or manager" of a Delaware LLC "shall be obligated personally" for the LLC's debts. *Id.* § 18-303(a). And conversely, "[a] member has no interest in specific limited liability company property." *Id.* § 18-701.

Considering nearly identical Connecticut law, a Second Circuit panel concluded that "[b]ecause Connecticut law identifies that an LLC's members are legally distinct from the LLC and its debts, any injury suffered by [the LLC] cannot be imputed to [the member] for the purpose of establishing his standing in federal court." *Martin*, 2022 WL 2166399, at *3; *cf. United States v. Swartz Fam. Tr.*, 67 F.4th 505, 516 (2d Cir. 2023) (holding that LLC members lacked statutory standing under the federal asset-forfeiture statute because Delaware LLC law provides that members have no interest in the LLC's property). So too here.

And this conclusion holds even though Delaware law permits derivative claims. *See Martin*, 2022 WL 2166399, at *2; *DDR Const. Servs., Inc. v. Siemens Indus., Inc.*, 770 F. Supp. 2d 627, 661 (S.D.N.Y. 2011). If members want to sue for injuries to the LLC, they must do so as the LLC, following specific procedures. *See id.* (both); 18 Del. Code Ann. tit. 6, §§ 18-1001 to -1004. Defendants have not purported to bring this claim derivatively, nor have they followed any of the necessary steps. *See* Answer ¶¶ 26–27; Dkts. 142, 144.

## II. Supplemental jurisdiction

Once the Court "has dismissed all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction over" the remaining state claims. 28 U.S.C. § 1367(c)(3). But the Court "must still meaningfully balance the supplemental jurisdiction factors": economy, convenience, fairness, and comity. *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 86 (2d Cir. 2018).

Keeping the state claims in federal court would not benefit judicial economy. The real fight in this case is over control of the LLC, but those claims are part of the state cases, not this one. Indeed, the parties didn't even conduct discovery in this case—they simply used the discovery from the state litigation. Nor would New York state court be inconvenient or unfair: All parties are citizens of New York, and they have multiple cases pending there already. In fact, the parties have complained that, in this case, they have had to travel from Long Island to Manhattan.

Most importantly, comity counsels strongly in favor of dismissing the state claims. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). So, typically, "if the federal claims are dismissed before trial … the state claims should be dismissed as well." *Id.* This rule is neither "mandatory" nor "inflexibl[e]," but it "recognizes that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine

---

liability company."); *id.* § 610 ("A member of a limited liability company is not a proper party to proceedings by or against a limited liability company, except where the object is to enforce a member's right against or liability to the limited liability company.").

… will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). This conclusion also follows because "these factors usually will favor a decision to relinquish jurisdiction when state issues substantially predominate." *Id.* (internal quotation marks omitted). The argument for supplemental jurisdiction is stronger, however, if "the state claim is … closely tied to questions of federal policy." *Gibbs*, 383 U.S. at 727.

Nothing suggests that this case is unusual. Common-law fraud and abuse of process are not at all tied to federal policy. And as explained, the real dispute between these parties is already being played out in state court. So all the supplemental-jurisdiction factors point toward concentrating efforts on the state cases and cutting off these parallel federal proceedings. Defendants' only potentially relevant argument is that the Court has diversity jurisdiction, but that's not right. There is not complete (or any) diversity between the parties. Compl. ¶¶ 4–13; Answer ¶¶ 4–13.

## III. Sanctions and attorneys' fees

In their summary-judgment brief, Defendants request "Rule 11 sanctions" and "attorney fees." Dkt. 117 at 7. But a "motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Defendants' request satisfies neither part. It is part of their summary-judgment motion, and their brief simply asserts in its introduction and conclusion that sanctions are warranted. Similarly, Defendants assert without any legal basis that they are entitled to attorneys' fees, and they certainly have no basis for fees when they are securing judgment only against Plaintiffs' infringement claim.

## CONCLUSION

For these reasons, Defendants' motion for summary judgment is GRANTED with respect to the trademark-infringement claim. The Clerk of Court is directed to enter judgment for Defendants on that claim. The motions for summary judgment are DENIED in all other respects. The declaratory-judgment claim is DISMISSED WITHOUT PREJUDICE. All other remaining claims are DISMISSED WITHOUT PREJUDICE to renewal in state court. The Clerk of Court is directed to close Dkts. 117–120, 122, and close this case.

SO ORDERED.

Dated: April 24, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge