UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

POWERHOUSE BEVERAGE COMPANY,
LLC, LIVE LIFE SMART, INC., and
SPARKLING YOUR WORLD, INC.,

                            Plaintiffs,

              -against-

FRANK NAHOUM, HENRY GIMENEZ,
JOEL KRINGEL, BEHZAD PEIKARIAN, and
THOMAS STANZIALE, ESQ.,

                            Defendants.

22-cv-5559 (AS)


ORDER

ARUN SUBRAMANIAN, United States District Judge:

This case has been closed for months. But in November, plaintiffs, represented by new counsel, filed a motion for relief from the Court's judgment, principally relying on Fed. R. Civ. P. 60(b)(3). That rule states: "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." For the following reasons, the motion is DENIED.

"A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). The decision whether to grant such relief is charged to a district court's discretion. *Id*. Further, "a Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989).

Plaintiffs can't meet this exacting standard. Plaintiffs argue that defendants forged versions of the key document in this case—the operating agreement for Powerhouse Beverage Company LLC. *See* Dkt. 150-1 at 2. This allegation might sound familiar because the main dispute in this case—which this Court resolved over a year ago—was about the same thing. *See* Dkt. 104 at 1 ("[T]he Court learned that this case turns on who has the valid version of a contract. By 'valid,' the Court does not mean the usual stuff of contract cases: meeting of the minds, fraudulent inducement, and the like. Instead, each side accuses the other of old-fashioned forgery.").

After discovery was complete, the Court held a bench trial on the issue of which version of the agreement was genuine, and after considering the evidence that the parties submitted, the Court found "by a preponderance of the evidence that Defendants' version of the agreement is genuine and that Plaintiffs' version is not." *Id.* at 8.  Plaintiffs dropped their appeal of the Court's decision.

Dkt. 140. They also withdrew their claims against defendant Thomas Stanziale with prejudice (Stanziale is the principal alleged fraudster on the current motion). Dkt. 132. After the Court disposed of the remaining claims in the case, Dkt. 145, plaintiffs didn't appeal the Court's final judgment either, Dkt. 146.

Then came this motion. Right off the bat, it's clear that while styled as a Rule 60(b) motion, the motion really is one for reconsideration of the Court's decision from last year. *See* Dkt. 150-1 at 1 (identifying as the "Issue" whether the Court "should reconsider its prior decision, pursuant to Federal Rule of Civil Procedure 60(b)(3)"). And consistent with that theme, the motion simply doubles down on allegations that the defendants forged versions of the Powerhouse operating agreement, precisely the issue that the Court tackled in its decision (and remember that defendants made the same allegations against the plaintiffs' principal, Dan Ehrlich).

A rerun of arguments squarely presented to the Court during trial cannot succeed under Rule 60(b)(3). *Cf. State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) ("To prevail on a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." (internal quotations omitted)). There isn't any new evidence that has come to light that couldn't have been presented the first time around. *See Nansamba v. N. Shore Med. Ctr., Inc.*, 727 F.3d 33, 41 (1st Cir. 2013) (affirming denial of Rule 60(b)(3) motion where "plaintiff had at her fingertips the records that would have laid bare what she now asserts to be the true facts."). Plaintiffs' motion attaches various declarations—all from interested witnesses on the plaintiffs' side: the attorney who filed this motion; Daniel Ehrlich; plaintiffs' corporate secretary; and Powerhouse's former attorney. But these witnesses simply recount things that happened years ago, much of which regurgitates the same arguments raised at trial.

The time to bring up this evidence was at the time of the hearing, not a year later. What is clear is that plaintiffs, unable to achieve victory in their ongoing state-court feud with defendants, want to try again in this forum, despite losing at trial a year ago and giving up their chance for appellate review. That is not what Rule 60(b) is meant for. *See Fleming*, 865 F.2d at 484 (Rule 60(b)(3) motion "cannot serve as an attempt to relitigate the merits").

For the foregoing reasons, plaintiffs' motion is denied. The Clerk of Court is respectfully directed to terminate Dkts. 149 and 150.


SO ORDERED.

Dated: December 20, 2024
New York, New York


_____
ARUN SUBRAMANIAN
United States District Judge

2